# RE NATURALIZATION OF ANTONIO COSTA SEMIDEY.

San Juan, Petition, No. 2.

Naturalization—Act of March 2, 1917—General Naturalization Law.

1. The Act of March 2, 1917, and the General Naturalization Law should be construed in pari materia, and the proceedings in both cases must follow substantially the same course, but, as to require ninety days' notice of application would practically nullify the former act, the notice will not be required.

Re Semidey.

Naturalization—Act of March 2, 1917—General Naturalization Law—
    Residence.
        2. The provisions of § 5 of the Act of March 2, 1917, lessen
    materially the difficulty of proof required by the General Naturali-
    zation Law, and the applicant need not prove that he has resided
    continuously in Porto Rico since his birth, it being sufficient that
    he prove that he is now permanently residing in Porto Rico.

Opinion filed April 4, 1917.

———

HAMILTON, Judge, delivered the following opinion:

The act approved March 2, 1917, provides in § 41 that this
"district court shall have jurisdiction for the naturalization of
aliens, . . . and for this purpose residence in Porto Rico
shall be counted in the same manner as residence elsewhere in
the United States." [39 Stat. at L. —, chap. 145, Comp. Stat.
1916, § 3803 qq.] This confers jurisdiction as to the general
subject of naturalization. There occurs also in § 5 relative to
making American citizens of those who were theretofore citi-
zens of Porto Rico a special provision "that any person who is
born in Porto Rico of an alien parent and is permanently re-
siding in that island may, if of full age, within six months of
the taking effect of this act, or if a minor, upon reaching his
majority, or within one year thereafter, make a sworn declara-
tion of allegiance to the United States before the United States
district court for Porto Rico, setting forth therein all the facts
connected with his or her birth and residence in Porto Rico and
accompanying due proof thereof, and from and after the making
of such declaration shall be considered to be a citizen of the
United States." The application at bar is made under the fore-
going provision of § 5.

Re Semidey.

1. Upon the informal application of another party this court refused to consider a petition under this section which did not state that the party in question was not an anarchist, not a polygamist, and the like, as required under the petition usual in general naturalization cases. The reason for this was and is that there seems to be no more ground for admitting, for instance, a polygamist son of an alien than for admitting the polygamist alien father himself. The object in both cases is to admit persons to be citizens of the United States, and the two laws must be construed in pari materia, and proceedings in both cases should follow substantially the same course. In other words, there must be two witnesses to the petition, and the witnesses on the trial of the petition must testify to substantially the same facts. A difference from the necessity of the case, however, exists in the return day of the petition, that is to say, in the length of time between the petition and the hearing. Section 5 in question is limited in its operation to six months from the passage of the act, that is to say, to September 2, 1917, and to require ninety days' notice of the application might, after two months from now, be practically nullifying the act. Moreover, this court may be in vacation during a part of that time, and it would seem that a shorter return day should be allowed under § 5.

2. The provisions of § 5, however, materially lessen the difficulty of proof required by the General Naturalization Law. It would seem that four things must be proved, and these four supersede the corresponding more stringent provision in the General Naturalization Law, and application is made under § 5. These four things are: (1) That the applicant was born in Porto Rico; (2) that a parent, who generally would be the father, was an alien at that time; (3) that the applicant is at the

### Re Semidey.

time of his application permanently residing in Porto Rico; and (4) that the applicant is of full age at the time of his application, with a certain extension of time as to minors. These provisions are self-explanatory, with the exception of the third. There is no necessity for proving that the applicant has continuously resided in Porto Rico since his birth. Instead of lessening the burdens of naturalization, such a construction would materially increase them; for it would substitute for five years' residence in the United States at least twenty-one years' residence in Porto Rico. It often happens that a person was born in Porto Rico of an alien parent and lived for awhile abroad. It is conceivable that, if he return to Porto Rico the day before his application, bought a home, went into business, and otherwise gave evidence of an intention that his residence will be permanent, in such case he would be eligible for citizenship by taking the oath of allegiance under § 5. Of course this is an extreme case, but it illustrates that no special length of residence is necessary under § 5. The requirement is permanent residence at the time of the application, not permanent residence at the time of birth or for any particular period since that event.

The printed blank for application for naturalization may be used by applicants under § 5, the corresponding parts being changed to meet the provisions of § 5, as above explained.

The petition of Semidey conforms to the above principles, and he is admitted to take the oath of allegiance.

It is so ordered.